UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Plaintiff, | ) | CASE NO.1:07CR588-001 |
| | ) | |
| -vs- | ) | |
| | ) | |
| MEGAN KACICA, | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| Defendants. | ) | |

Megan Kacica ("Kacica") wrote a letter to this Court on September 16, 2009 requesting fixed Restitution payments.  Kacica is currently required to pay $250.00 per month.  In an Order filed October 20, 2009, the Court denied Kacica's request for fixed Restitution payments, holding that Kacica is subject to the Restitution procedures established by the Bureau of Prisons.

The Court has received two additional letters from Kacica - October 21, 2009 and October 28, 2009.[1]  On October 21st , Kacica made a second request to the Court for fixed Restitution payments.  On October 28th, Kacica responded to the Court's Order denying her request.

The Court will address each letter in turn.

Kacica states "*I think it is unfair to require my family members to send in funds to pay for a Restitution payment for my ignorant and pour [sic] decision making.*"   Further, . . ."*I ask that I am no longer a burden to my family or society by forcing my law abiding family members and friends to kindly provide my restitution payment during my incarceration to the institution.  I request that you establish my payment to be set at an amount that I solely can afford to pay with my institution pay.*"

---

[1] Both letters attached - not filed.

The Court has no opinion as to what Kacica feels is unfair, only an obligation to order Restitution to victims[2] according to 18 U.S.C. § 3663.  Kacica signed an agreement  to pay $250.00 per month, knowing outside gifts and monies from family and friends are included in the Bureau of Prisons' calculations for payment. The Court made clear the Restitution payment procedures in its Order dated October 20, 2009 and finds no reason for reconsideration. Therefore, Kacica's second request for fixed Restitution payments is denied.

On October 28, 2009, Kacica writes, "*My complaint to you is I feel this particular institution FPC Alderson, is abusing its authority in setting these payments and forcing us to pay these unreasonable amounts for if we fail to pay we are stripped of our housing and placed in a common area, under constant lighting in the flow of traffic. . . .*

and

*"U.S.C. 18 3664(n) refers to substational resources as an inheritance, settlement or judgement [sic].  I have not received any of the above.  I simply have been blessed with gifts from my family.  I believe it is written that the I.R.S. can not tax gifts. . ."*

18 U.S.C §3664(n) states,

> "If a person obligated to provide restitution, or pay a fine, receives substantial resources from **any resource**, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

Kacica clearly admits "she has been blessed with gifts from my family."  The "gifts," according to the above statute, are a resource, the value of which are required to be applied to any Restitution or fine owed.

Therefore, the Court finds Kacica's claims against FPC Alderson that the Institution is abusing its authority in setting payments and forcing inmates to pay unreasonable amounts are without merit.  Further, the value of Kacica's gifts shall be applied to any Restitution or fine owed.

---

[2] Kacica was sentenced on June 3, 2008 after entering a guilty plea to counts 1,2, and 3 of an indictment charging violations of 18 USC §1708 - Theft of Mail; 18 USC C513(a) - Possessing Counterfeit Securities; and 18 USC § 513(b) and 2 - Possession of Counterfeiting Implements, respectively.  Kacica is serving a 30 month sentence on each count concurrently, and owes Restitution payments of $25,014.22.

IT IS SO ORDERED.

<u>S/Christopher A. Boyko</u>
Christopher A. Boyko
U.S. District Court Judge

November 9, 2009